UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

"IN ADMIRALTY"

CASE NO. 25-14312-CIV-MARTINEZ/MAYNARD

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.

M/V BELLA CHRISTINA, a 2022 Sea Ray
290 SDX, Bearing Official No.: 1330749, Her
Engines, Tackle, Appurtances, Spares, and
Equipment, *in rem*,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a Motion for Entry of Final Default Judgment Against the Vessel and all Potential Claimants and for Release of the Vessel ("Motion"), DE 31, filed by Plaintiff Progressive Casualty Insurance Company ("Progressive"). No response in opposition has been timely filed. U.S. District Judge Rodolfo A. Ruiz II acting for U.S. District Judge Jose E. Martinez has referred this Motion to me for appropriate disposition. DE 32. Having carefully reviewed the Motion, the record and the governing law, I **RECOMMEND** that Progressive's Motion be **GRANTED** for the following reasons.

## BACKGROUND

This admiralty case seeks to establish the rightful ownership and possession of the M/V Bella Christina, a 2022 Sea Ray 290 SDX sport boat, bearing official no. 1330749 (the "Vessel").

On September 2, 2025, Progressive filed a Verified Complaint asserting a single claim to enforce its title to and recover possession of the Vessel under Rule D of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules"). DE 1.  The Verified Complaint asserts that Progressive lawfully owns the Vessel, holds legal title to the Vessel, is entitled to immediate possession, and that a facility in Stuart refused to deliver the Vessel to Progressive. *Id.* ¶¶ 4, 10, 15-16.  Progressive further asserts that a facility in Stuart, Florida refuses to return the Vessel to Progressive on demand and despite such facility having no lien or lawful right to possess the Vessel. *Id.* ¶¶ 7, 9, 14, 17.

On September 4, 2025, at Progressive's request and upon review of its Verified Complaint, the Court entered an Order directing issuance of an arrest warrant against the Vessel and an arrest warrant was issued. DE 10, DE 13.  On September 10, 2025, the U.S. Marshal arrested the Vessel in Stuart, Florida pursuant to the warrant. DE 16.  As authorized by prior Court Order, DE 11, the Vessel was turned over by the U.S. Marshal to an authorized substitute custodian, Insurance Auto Actions, located in Jupiter, Florida, DE 18.

On September 15, 2025, Progressive served the Complaint and arrest warrant, via FedEx, on the individuals and entities it suspected as possibly having claims to the Vessel.  DE 31-1 (FedEx delivery receipts confirming standard overnight certified delivery to Robert Grgek and Eric Giles of AYC Marine Group).  On September 28, 2025, Progressive published a Notice of Action *In Rem* and Arrest of Vessel ("Notice") in approved news publications of general, local circulation.  DE 19-1 (Affidavit of Publication averring that the Notice was published on publicly accessible websites or in newspaper print in Indian River/St. Lucie/Martin Counties, Florida).

On October 29, 2025, Progressive moved for entry of Clerk's default against any entity or person claiming an interest in the Vessel. DE 24.  On October 30, 2025, the Clerk entered a Clerk's

Default.  DE 25.  On October 31, 2025, the Court entered an Order on Default Final Judgment Procedure requiring any claimant to file an answer or other response to the Complaint, and file a motion to set aside the Clerk's Default by November 13, 2025.  DE 26.  This Order expressly cautioned that if no claimant timely complied, then a final default judgment may be entered.  *Id.*  The Order directed Progressive to immediately send a copy of the Order to all potential claimants.  *Id.*  Progressive timely complied that same day by sending a copy of the Order to the potential claimants via certified mail.  DE 27 (Progressive's Certificate of Service).

On November 7, 2025, Patrick J. Thompson, Esq. filed a Notice of Appearance on behalf of one potential claimant, AYC Holdings, LLC ("AYC").  DE 28.  That same day, AYC filed a Motion to Undo the Clerk's Default, DE 29, but then summarily withdrew that motion roughly half an hour later with no explanation provided, DE 30.  After withdrawing the motion, AYC has made no other filings or taken any further action in the case.

Progressive now seeks final default judgment as the unchallenged Vessel owner on grounds that Progressive "has complied with all notice requirements, satisfied due process as to any potential claimants, and the time for filing claims has expired."  DE 31 at 3.  Progressive further seeks a Court Order directing the U.S. Marshal for the Southern District of Florida to release the Vessel to Progressive.  *Id.* at 4.  No claimant has timely filed a response in opposition or otherwise appeared to challenge the Motion.

## **DISCUSSION**

In this district, default judgments in admiralty cases are governed by Local Admiralty Rule C(9) and Federal Rule of Civil Procedure 55.  *See P&L Towing & Transp., Inc. v. M/V GAR-DEN S*, 2022 WL 1812386, at *1 (S.D. Fla. May 13, 2022), report and recommendation adopted, *P&L Towing & Transportation, Inc. v. M/V Gardens*, 2022 WL 1801235 (S.D. Fla. June 2, 2022)

(granting final default judgment in admiralty case seeking the judicial sale of an at-issue vessel with note that "[b]ecause Plaintiff has already obtained Clerk's Entry of Default, the matter is ripe for review under Local Admiralty Rule C(9).").

Local Admiralty Rule C(9), which governs entry of default judgment in admiralty cases, requires a moving party to file a motion and supporting legal documents for entry of default judgment pursuant to Rule 55 no later than 30 days following notice of entry of a Clerk's Default.

Rule 55 establishes a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) (internal quotation omitted)).

A court must review the sufficiency of the complaint before determining if a moving party is entitled to default judgment under Rule 55(b). *See U.S. v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu*, 515 F.2d at 1206). Entry of default judgment is warranted only "when there is a sufficient basis in the pleadings for the judgment entered, with the standard for 'a sufficient basis' for the judgment being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Singleton v. Dean*, 611 F. App'x 671, 671 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)). "While a complaint ... does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his

entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, because the *in rem* Complaint seeks relief under Supplemental Rule D, Progressive must establish that it has complied with the procedural requirements of the Local Admiralty Rules and corresponding Supplemental Rules before a default judgment may be entered. Below, I discuss these requirements as well as the elements of a possessory action like this one.

1. ***Local Admiralty Rules***

Local Admiralty Rule C provides the procedural requirements for bringing an action *in rem*. Rule C(4), setting out the publication requirements, indicates that within twenty-one (21) days after a vessel has been seized, a plaintiff shall publish a notice in an approved newspaper of general circulation in the county or counties where the vessel was located at the time of the arrest and, if different, in the county within the Southern District of Florida where the lawsuit is pending. Local Admiralty Rules C(4)(a), A(7). The plaintiff shall "file with the Clerk, proof of publication not later than fourteen (14) days following the last day of publication." Local Admiralty Rule C(4)(b).

Here, the U.S. Marshal arrested the vessel in Stuart, Florida on September 10, 2025, DE 16, and an appropriate Notice was published in the form required by the Local Admiralty Rules in a St. Lucie/Indian River/Stuart publication and tcpalm.com on September 28, 2025, DE 19-1. An Affidavit of Publication confirms that the specified newspaper and website are ones of general circulation in the counties where the Vessel was arrested (Martin County) and in which this Court sits (St. Lucie County). Plaintiff filed this Affidavit of Publication on October 6, 2025, which was within fourteen (14) days of the last publication date. DE 19. Accordingly, the publication requirements of the Local Admiralty Rules have been met.

The time for responding to a verified *in rem* complaint and for filing a claim is set out in Local Admiralty Rule C(6). Under this rule, any claimant of property subject to an action *in rem* shall: (a) file and serve the claim within fourteen (14) days after process has been executed; and (2) file and serve an answer within twenty-one (21) days after the filing of the claim. Here, no claim or answer was timely filed within 14 days of the Vessel's arrest, which would have been on or before September 24, 2025.

Local Admiralty Rule C(8) provides the procedural requirements for a default to be entered. Under this rule, a party seeking default *in rem* shall file proof sufficient to demonstrate that due notice of the action and arrest was given by:

(a) Service upon the master or other person having custody of the property; and

(b) Delivery, or by certified mail, return receipt requested ..., to every other person, including any known owner, who has not appeared or intervened in the action, and who is known to have, or claims to have, a possessory interest in the property.

The party seeking entry of default judgment under Local Rule 3(h) may be excused for failing to give notice to such "other person" upon a satisfactory showing that diligent effort was made to give notice without success; and

(c) Publication as required by Supplemental Rule C(4) and Local Admiralty Rule C(4).

Local Admiralty Rule C(8).

Here, Progressive has complied with all notice requirements. The record confirms that notice of this action and the Vessel's arrest was given by publication and by service upon all persons or entities who may have had an interest in the Vessel. No statement of right or interest was timely filed or served and the governing deadlines have now lapsed. The record further confirms that notice of the Order on Default Final Judgment Procedure was also served upon all

persons or entities who may have had an interest in the Vessel. While one potential claimant appeared through counsel—AYC Holdings, LLC—such appearance was brief and non-consequential as the sole motion filed on behalf of that entity was withdrawn roughly half an hour later with no reason given. AYC Holdings, LLC has not subsequently taken any other affirmative action in this case.

Consequently, the Vessel and all potential claimants (inclusive of AYC Holdings, LLC) are in default and a final default judgment is proper under Rule 55.

### 2. *Supplemental Rules*

Progressive seeks possession of the Vessel as its sole legal owner and titleholder. Supplemental Rules B, C, and D provide the procedural requirements for bringing an admiralty action *in rem* for possession. Supplemental Rule C(4) requires that notice be given promptly in a newspaper of general circulation in the district, and that the notice specify the time within which a claimant must file a statement of interest. Supplemental Rule D states that, "[i]n all actions for possession ... the process shall be by a warrant of arrest of the vessel ... and by notice in the manner provided by Rule B(2) to the adverse party or parties." Supplemental Rule B(2) requires that the complaint be served on the defendant pursuant to Federal Rule of Civil Procedure 4, or by mailing the complaint, with return receipt, to the defendant. A default may still be entered if the plaintiff diligently attempted to give the defendant notice but could not do so.

As these rules align with the Local Admiralty Rules, they have been satisfied as discussed and analyzed in the preceding section.

### 3. *Elements of Possessory Action*

Supplemental Rule D governs "actions for possession, partition, and to try title … with respect to a vessel." *Nimbus Boat Rental, Corp. v. Garcel*, 2022 WL 11295924, at *6 (S.D. Fla.

Oct. 7, 2022) (quoting Fed. R. Civ. P. Supp. R. D and collecting other authority). A possessory action is brought to reinstate an owner of a vessel who alleges wrongful deprivation of property. *See id.*

Unlike Supplemental Rule C actions that enforce maritime liens, possessory actions under Supplemental Rule D involve disputes over ownership and possession rights in vessels themselves. A party seeking possession of a vessel under Supplemental Rule D "must have legal title or a legal claim to possession." *Santiago v. Evans*, 2012 WL 3231025, at *4 (M.D. Fla. June 21, 2012) (citation omitted), *report adopted*, 2012 WL 3231016 (M.D. Fla. Aug. 6, 2012), *aff'd*, 547 F. App'x 923 (11th Cir. 2013). To prevail on a possessory action claim, a plaintiff must establish that (1) they previously possessed the vessel, and (2) they have been wrongfully deprived of possession of the vessel. *See Blankenship v. M/V Cary'd Aweigh*, 2007 WL 2714098, at *4 (M.D. Fla. Sept. 17, 2007) (citing William A. Durham, *"We Just Want Our Ship Back"—Action for Possession in Admiralty,* Tulane Maritime Law Journal, 15 TLNMLJ 47, 49 (Fall 1990) and cases cited therein); *see also Gallagher v. Unenrolled Motor Vessel River Queen,* 475 F.2d 117, 119 (5th Cir. 1973) ("it is a fundamental principle that admiralty has jurisdiction in a possessory suit by the legal owner of a vessel who has been wrongfully deprived of possession") (quoting *Ward v. Peck,* 59 U.S. 267 (1856)).

Here, Progressive asserts in its Verified Complaint that it is entitled to possession of the Vessel as its sole lawful owner and titleholder. DE 1 ¶¶ 4, 15, 16. In support, Progressive filed an Abstract of Title issued by the Department of Homeland Security/U.S. Coast Guard identifying the Vessel by her name and official number and confirming that, as of July 29, 2025, Progressive became the Vessel's owner. DE 1-3. Progressive further claims that a facility in Stuart, Florida

has refused to release the Vessel to Progressive upon demand despite that facility having no lien or lawful claim to the Vessel. DE 1 ¶¶ 6-7, 9, 17.

The fact that Progressive is the sole legal owner of the Vessel is deemed admitted by failure by any interested party or claimant to answer the Verified Complaint or otherwise dispute Progressive's claims. For similar reasons, the facts that Progressive is entitled to possess the Vessel and that a facility refused to release the vessel to Progressive on demand despite that facility having no lien or claim to the Vessel are likewise deemed admitted by virtue of no person or entity timely appearing to claim an interest in the Vessel. These collective facts are sufficient to establish the required elements of Progressive's possessory action claim.

## CONCLUSION

Progressive's Verified Complaint asserts Progressive's ownership and right to immediate possession of the Vessel. The U.S. Marshal arrested the Vessel. Notice was published and served consistent with Supplemental Rule C and its Local Admiralty Rule C counterpart. No adverse claimant has filed a statement of right or interest within the time permitted. A Clerk's Default has been secured and stands uncontested. Progressive has timely complied with all procedural requirements placing this admiralty possessory action under Supplemental Rule D squarely within the realm of a final default judgment in Progressive's favor.

Consistent with the foregoing, I respectfully **RECOMMEND** as follows:

1. Progressive's Motion for Entry of Final Default Judgment Against the Vessel and all Potential Claimants and for Release of the Vessel, DE 31, be **GRANTED** and that a Final Judgment *in rem* be entered in favor of Progressive, against the M/V Bella Christina, a 2022 Sea Ray 290 SDX, bearing official no. 1330749 and against all potential claimants, including AYC Holdings, LLC.

2. Progressive be deemed the sole rightful owner and legal title holder of the M/V Bella Christina, a 2022 Sea Ray 290 SDX, bearing official no. 1330749 to the exclusion of all other potential claimants.

3. In accordance with Supplemental Rule E(5) and Local Admiralty Rule E(8)(a), the U.S. Marshal be directed to forthwith release to Progressive the M/V Bella Christina, a 2022 Sea Ray 290 SDX, bearing official no. 1330749.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the presiding U.S. District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 27th day of January, 2026.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE